**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN F. BREIG, individually and on behalf of all others similarly situated, | : : | Civil Action No.: 2:21-CV-865 |
| | : | |
| **Plaintiff,** | : : | **Class and Collective Action Complaint** |
| | : | |
| v. | : : | **Jury Trial Demanded** |
| | : | |
| COVANTA HOLDING CORPORATION and COVANTA PROJECTS, LLC, | : : | |
| | : | |
| **Defendants.** | : : | |
| | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff John F. Breig ("Plaintiff"), individually and on behalf of all persons similarly situated, through his undersigned counsel, brings this class and collective action for unpaid overtime compensation from his employer, Covanta Holding Corporation and Covanta Projects, LLC (collectively referred to herein as "Covanta"). Plaintiff brings this lawsuit as a class and collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and Pennsylvania state laws, seeking unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, against Covanta for its unlawful and willful actions. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.  Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b)(2) because Covanta does business in this District, is subject to personal jurisdiction in this District, and because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4.      Plaintiff is employed as a non-union facility employee of Covanta. Plaintiff is a citizen of Pennsylvania and resides in Bristol, Pennsylvania. Plaintiff worked for Covanta from approximately 1998 to the present. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a Plaintiff in this action. *See* Exhibit A.

5.      Defendant Covanta Holding Corporation is a Delaware corporation that focuses on recycling and energy recovery for industrial customers throughout the United States. Its headquarters are located at 445 South St., Morristown, NJ 07960.

6.      Defendant Covanta Projects, LLC is a subsidiary of Covanta Holding Corporation. Covanta Projects is incorporated in Delaware. Its headquarters are located at 445 South St., Morristown, NJ 07960.

7.      Covanta is an employer of Plaintiff and the FLSA Collective and the Pennsylvania Class as defined below for purposes of the FLSA and Pennsylvania laws, respectively.

8.      At all times relevant to this action, Covanta employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as defined by the FLSA, 29 U.S.C. §§ 206-207.

9.      Covanta's annual gross volume of business exceeds $500,000.

## FACTS

10.     As a non-union facility and non-exempt employee for Covanta, Plaintiff was paid

an hourly wage.

11.     Covanta has paid, and currently pays, its non-union facility, non-exempt employees overtime at the rate of 1.5 times the employee's hourly rate for every hour worked over forty (40) in any given week.

12.     During the time period applicable to this Complaint, Covanta has implemented and maintained, and continues to maintain, an incentive plan (the "Plan"), that provides incentive bonuses to its non-union facility, non-exempt field employees. A copy of the Covanta 2019 Annual Incentive Plan ("AIP") Summary Document for non-union field employees is attached as Exhibit B and incorporated by reference.

13.     The Plan states with respect to eligibility: "All non-union facility team members up to and including Facility Managers are eligible to participate in the Plan based on date of hire." The Plan further states that: "Corporate, Sales, CES and collective bargaining team members are covered under separate plans. Interns are not eligible. … Hourly and Non-Exempt team members' bonuses will be based on eligible earnings and there is no hire date restriction." *See* Exhibit B.

14.     Plaintiff and all non-union facility team members up to and including Facility Managers are similarly situated with respect to the Plan and the Plan's general applicability to them.

15.     The Plan's bonus amounts are calculated by applying a fixed formula to certain metrics that include corporate financial performance, facility and regional financial performance, the individual employee's eligible earnings, and the individual employee's performance factor.

16.     Pursuant to the FLSA and Pennsylvania law, nondiscretionary bonuses are included in the regular rate of pay unless they qualify as excludable under another statutory provision. According to the United States Department of Labor which is charged with overseeing the

implementation of the FLSA, "[e]xamples of nondiscretionary bonuses that must be included in the regular rate" of pay for purposes of calculating and paying overtime compensation include:

- Bonuses based on a predetermined formula, such as individual or group production bonuses;
- Bonuses for quality and accuracy of work;
- Bonuses announced to employees to induce them to work more efficiently;
- Attendance bonuses; and
- Safety bonuses (*i.e.*, number of days without safety incidents).

U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #56C: Bonuses under the Fair Labor Standards Act (FLSA) (December 2019) (attached as Exhibit C).

17.     The Plan is advertised to all non-union facility, non-exempt employees and is based on a pre-determined formula including to reward such employees for quality and accuracy of work.

18.     The Plan's bonuses are paid as part of Plaintiff's and Class Members' usual wages and deemed as compensation along with the base salary. *See* Covanta Employee Manual excerpt (attached as Exhibit D).

19.     The Plan is promised to employees to "attract[ ], motivat[e] and retain[ ] a highly qualified and competent workforce." Exhibit D.

20.     The Plan's bonuses are intended to incentivize Plaintiff and Class Members to work more efficiently and contribute to Covanta's annual goals.

21.     Specifically, the Plan "is used to reward *all eligible team members for their work contributing to the achievement of the company's annual goals utilizing a target bonus percent that has been assigned to your position*. Your base salary/eligible earnings as of December 31, 2019 will be used to calculate your actual incentive." Exhibit B (emphasis added).

22.     The Plan's bonuses are promised so long as certain metrics are met.

23.     The Plan goes on to say that "[a]ll full-time and part-time field-based positions with standard hours exceeding 20 hrs/week are AIP eligible and have an established target bonus

percent based on the position's level of responsibility within the organization." Exhibit B.

24.     The Plan's bonuses are conditioned on being given whenever Covanta "exceeds its established financial threshold." Exhibit B.

25.     Plaintiff and members of the FLSA Collective and Pennsylvania Class, as defined below, know about the bonus and expect it regularly, pursuant to the Plan.

26.     Covanta, however, does not include the non-union facility, non-exempt employees' Plan bonuses in its determination of the employee's hourly rate for purposes of calculating overtime pay due for hours worked over forty (40) in any given week.

27.     Therefore, Covanta does not pay overtime wages on the Plan bonus portion of its employees' earnings, which properly should be included in the calculation of the employee's regular rate, for purposes of calculating the overtime rate.

28.     Covanta's non-union facility, non-exempt employees are entitled to have their Plan bonuses included in the determination of their hourly rate for purposes of calculating overtime pay due for hours worked over forty (40) in any given week.

29.     Covanta's failure to pay overtime wages on the Plan bonus portion of its employees' hourly wages violates the FLSA and Pennsylvania law.

30.     Covanta's failure to properly pay overtime wages as alleged herein is willful, as Covanta is aware of its overtime obligations but has chosen to disregard them.

## COLLECTIVE AND CLASS DEFINITIONS

31.     Plaintiff brings Count I of this lawsuit individually as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and other similarly situated individuals, consisting of:

> All persons who currently work or who have worked for Covanta in the United States as a non-union facility team member up to and including Facility

Managers at any time from three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

32.     Plaintiff brings Counts II, III, and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All persons who currently work or who have worked for Covanta in the Commonwealth of Pennsylvania as a non-union facility team member up to and including Facility Managers at any time from four years[1] prior to the filing of this action through the entry of judgment in this action (the "Pennsylvania Class").

33.     The FLSA Collective and the Pennsylvania Class are together referred to as the "Classes."

34.     Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as may be warranted or necessary.

## COLLECTIVE ACTION ALLEGATIONS

35.     On information and belief, the FLSA Collective consists of thousands of similarly situated non-union facility, non-exempt employees.

36.     The vast majority of the members of the FLSA Collective worked overtime hours regularly during their employment with Covanta.

37.     The employees in the FLSA Collective have been the victims of Covanta's common policy and practice that has violated their rights under the FLSA and its implementing regulations by denying them their properly calculated overtime wages on the Incentive Bonus portion of their hourly wages.

---

[1] The statute of limitations on Plaintiff's Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law claims is three years. *See* 43 P.S. § 260.9a(g). Accordingly, Count II and III of this Complaint go back three years from the filing of this Complaint. The statute of limitations on Plaintiff's unjust enrichment claims under Pennsylvania law is four (4) years. 42 Pa.C.S.A. § 5525(a). Accordingly, Count IV of this Complaint goes back four years from the filing of this Complaint.

38.     Covanta's unlawful conduct has been willful and has caused significant damage to Plaintiff and the FLSA Collective.

39.     The FLSA Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those employees are known to Covanta and are readily identifiable through Covanta's records. The employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

40.     All previous paragraphs are incorporated as though fully set forth herein.

41.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class defined above.

42.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

43.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

44.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Pennsylvania Class members, including, without limitation: whether Covanta violated and continues to violate Pennsylvania law through its policy or practice of not properly the Pennsylvania Class members properly for all overtime hours worked.

45.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation:  (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

47.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Covanta's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Covanta.

48.     A class action is superior to other available methods for adjudication of this

controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members are not great enough to enable them to maintain separate suits against Covanta.

49.     Without a class action, Covanta would retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiff and the FLSA Collective)**

50.     All previous paragraphs are incorporated as though fully set forth herein.

51.     Based on their business operations as a waste management service, Covanta is an "employer" within the meaning of 29 U.S.C. §§ 203(c) and 206(a).

52.     Plaintiff and the members of the FLSA Collective were or are "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

53.     Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

54.     29 U.S.C. § 207 requires Covanta to pay non-exempt employees one and half times the regular rate of pay for all hours worked over 40 hours per week.

55.     Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek.

56.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee …." 29 U.S.C. § 207(e).

57.     The Supreme Court has described that the term regular rate "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v.*

*Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.,* 323 U.S. 37, 40 (1944)).

58.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

59.     The bonuses in Covanta's Plan are non-discretionary and should be included in Plaintiff's and FLSA Collective Members' regular rate.

60.     Covanta's Plan are paid as part of Plaintiff's and the FLSA Collective Members' usual wages.

61.     The bonuses in the Plan are promised to Plaintiff and the FLSA Collective.

62.     The bonuses in the Plan are conditioned on being given whenever Covanta's financial condition warrants such payments.

63.     The Plan's bonus calculations are predetermined and based on a fixed formula with defined metrics, causing Plaintiff and FLSA Collective Members to expect these bonuses regularly.

64.     Covanta has denied overtime compensation on the Plan bonus portion of the hourly wages of each employee in the FLSA Collective.

65.     Covanta's actions violated and continue to violate the FLSA and its implementing regulations.

66.     In violating the FLSA, Covanta acted willfully and with reckless disregard of clearly applicable FLSA provisions.

67.     As a result of Covanta's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA and its implementing regulations, in amounts to be determined at trial, and are entitled to recovery

of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b). Because Covanta's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff and the Pennsylvania Class)

68.    All previous paragraphs are incorporated as though fully set forth herein.

69.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 Pa. Code § 231.21(b).

70.     The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

71.    Covanta is subject to the overtime requirements of the PMWA because Covanta is an employer under 43 P.S. § 333.103(g).

72.    During all relevant times, Plaintiff and the Pennsylvania Class have been covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

73.    The PMWA defines the "regular rate" as including "all remuneration for employment paid to or on behalf of the employee…." 34 Pa. Code § 234.43.

74.    With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 34 Pa. Code § 234.43.

75.    The bonuses in Covanta's Plan are non-discretionary and should be included in Plaintiff's and Pennsylvania Class Members' regular rate for purposes of overtime.

76.    The bonuses in the Plan are promised to Plaintiff and the Pennsylvania Class.

77.     The Plan's bonus calculations are predetermined and based on a fixed formula with defined metrics, causing Plaintiff and FLSA Collective Members to expect these bonuses regularly.

78.     Covanta's compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 Pa. Code §§ 231.1(b) and 43(b).

79.     Covanta has denied overtime compensation on the Plan bonus portion of the hourly wages of each employee in the Pennsylvania Class.

80.     Pursuant to 43 P.S. § 333.113, employers such as Covanta who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

81.     In violating the PMWA, Covanta acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
### Violations of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of Plaintiff and the Pennsylvania Class)

82.     All previous paragraphs are incorporated as though fully set forth herein.

83.     The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("WPCL"), requires that employers pay covered employees all wages due, including overtime wages. *See* 43 P.S. § 260.3(a).

84.     Covanta is subject to the wage payment requirements of the WPCL because Covanta is an "employer" under 43 P.S. § 260.2(a).

85.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the WPCL's above-described protections.

86.     Covanta failed to include the Plan bonuses in calculating Plaintiff's and the

Pennsylvania Class members' overtime pay, in violation of the PMWA.

87.     Covanta is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's and the Pennsylvania Class' wages that concern this lawsuit.

88.     Covanta does not have written authorization from Plaintiff or any Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

89.     Pursuant to 43 P.S. §§ 260.9(a) and 260.10, employers such as Covanta who fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the unpaid wages, liquidated damages, and reasonable attorneys' fees incurred in recovering the unpaid wages.

90.     Covanta is in violation of Pennsylvania law by failing to include the Plan bonuses in the regular rate and failing to pay Plaintiff and the Pennsylvania Class for overtime compensation at the proper overtime rate.

## COUNT IV
## Unjust Enrichment
## (On Behalf of Plaintiff and the Pennsylvania Class)

91.     All previous paragraphs are incorporated as though fully set forth herein.

92.     Covanta has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

93.     At all relevant times hereto, Covanta devised and implemented an Plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without including the Plan bonuses in the regular rate for overtime compensation.

94.     Contrary to acting in good faith and with fair dealing, Covanta induced Plaintiff and

the Pennsylvania Class to perform work while failing to pay overtime compensation at the proper regular rate as required by law.

95.     By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying proper overtime compensation as required by law, Covanta enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Covanta retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

96.     Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Covanta.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt written notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

C.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

D.     Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment/post-judgment interest to the fullest extent permitted under the law;

E.     Liquidated damages to the fullest extent permitted under the law;

F.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: February 25, 2021        Respectfully submitted,


/s/   Camille Fundora Rodriguez
Shanon J. Carson (PA 85957)
Caitlin G. Coslett (PA 306915)
Camille Fundora Rodriguez (PA 312533)
Reginald L. Streater (PA 326878)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
scarson@bm.net
ccoslett@bm.net
crodriguez@bm.net
rstreater@bm.net

Alice W. Ballard, Esquire (PA 20633)
**LAW OFFICE OF ALICE W. BALLARD, P.C**
123 S. Broad Street, Suite 2135
Philadelphia, PA 19109
215-893-9708
awballard@awballard.com

*Counsel for Plaintiff, the FLSA Collective, and the Pennsylvania Class*