IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. BREIG, individually and on behalf of all others similarly situated<br><br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>COVANTA HOLDING CORPORATION and COVANTA PROJECTS, LLC<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 21-865 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                        **March 21, 2022**

      Plaintiff John F. Breig, individually and on behalf of all persons similarly situated, filed a proposed class and collective action complaint for unpaid overtime compensation on a bonus portion of their hourly wages against his employer, Covanta Holding Corporation and Covanta Projects, LLC (collectively, "Covanta"). Plaintiff brings claims on behalf of Plaintiff and a proposed FLSA Collective[1] under the Fair Labor Standards Act[2] ("FLSA") (Count I) and on behalf of Plaintiff and a proposed Pennsylvania Class[3] under the Pennsylvania Minimum Wage

---

[1] The proposed "FLSA Collective" consists of "[a]ll persons who currently work or who have worked for Covanta in the United States as a non-union facility team member up to and including Facility Managers at any time from three years prior to the filing of this action through the entry of judgment in this action." Compl. [Doc. No. 1] ¶ 31.

[2] 29 U.S.C. § 201, *et seq.*

[3] The proposed "Pennsylvania Class" consists of "[a]ll persons who currently work or who have worked for Covanta in the Commonwealth of Pennsylvania as a non-union facility team member up to and including Facility Managers at any time from four years prior to the filing of this action through the entry of judgment in this action." Compl. [Doc. No. 1] ¶ 32.

Act[4] ("PMWA") (Count II); Wage Payment and Collection Law[5] ("WPCL") (Count III); and for unjust enrichment (Count IV). Plaintiff seeks overtime compensation, liquidated damages, pre- and post-judgment interest, and counsel fees.[6]

Covanta moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), arguing that its overtime payments comply with the FLSA and with the Pennsylvania statutes. For the reasons stated below, Covanta's motion will be granted and the Complaint will be dismissed without prejudice.

## I.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that she is entitled to relief.[7] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[8] A court is not, however, bound to accept as true "a legal conclusion couched as a factual allegation."[9] Something more than a mere possibility of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[10] "A claim has facial

---

[4] 43 Pa. Stat. § 333.101, *et seq*.

[5] 43 Pa. Stat. § 260.1, *et seq*.

[6] Compl. [Doc. No. 1] at 1.

[7] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[8] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9] *Twombly*, 550 U.S. at 555 (internal citation omitted).

[10] *Id.* at 570.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory,"[12] but a "formulaic recitation"[13] of the elements is insufficient. The Court has no duty to "conjure up unpleaded facts that might turn a frivolous ... action into a substantial one."[14]

## II. DISCUSSION

According to Plaintiff's Complaint, Covanta has implemented an annual incentive plan (the "Plan") that provides an annual incentive bonus (the "Incentive Bonus") to its non-union, non-exempt employees.[15] The Plan states that the Incentive Bonus "is expressed as a percentage of [the employee's] eligible earnings . . . defined as total hourly wages earned, including premium pay wages . . . ."[16] Plaintiff alleges that Covanta does not include the bonuses "in its determination of the employee's hourly rate for the purposes of calculating overtime pay" when an employee works more than 40 hours in a week.[17]

The FLSA "establishes minimum wage, overtime pay, recordkeeping, and youth employment standards affecting employees in the private sector and in Federal, State, and local

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Twombly*, 550 U.S. at 562 (internal citation omitted).

[13] *Id.* at 545.

[14] *Id.* at 562 (internal citation omitted).

[15] Compl. [Doc. No. 1] ¶ 12; Ex. B to Compl. [Doc. No. 1-2] (2019 Annual Incentive Plan Summary Document).

[16] Ex. B to Compl. [Doc. No. 1-2] at 2.

[17] Compl. [Doc. No. 1] ¶ 26.

governments."[18] Under the FLSA, employers "shall not employ any of [its] employees . . . for a workweek longer than forty hours unless such employee receives compensation . . . in excess of [forty hours] specified at a rate not less than one and one-half times the regular rate at which [the employee] is employed."[19] The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee," with certain exceptions, including discretionary bonuses and profit-sharing payments.[20] The regular rate includes non-discretionary bonuses, unless they qualify as excludable under another statutory provision.[21] Plaintiff alleges that the bonuses are non-discretionary.[22]

### A. The Complaint Fails to State a Claim Under the FLSA

There is no dispute that Covanta calculates and pays overtime at the rate of 1.5 times the employee's hourly rate.[23] The question is whether Covanta's bonus payment methodology—as set forth in the Plan attached to the Plaintiff's Complaint—is permitted under the FLSA. Plaintiff alleges that Covanta has denied overtime compensation on the Incentive Bonus portion of its employees' hourly wages, in violation of the FLSA.[24] Covanta argues that the pay was properly calculated by using a percentage method expressly allowed by the applicable regulations.[25]

---

[18] *Wages and the Fair Labor Standards Act*, U.S. DEP'T OF LABOR, https://www.dol.gov/agencies/whd/flsa (last visited March 21, 2022).

[19] 29 U.S.C. § 207; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (stating that under the FLSA, employers are required "to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week.").

[20] 29 U.S.C. § 207(e).

[21] *See* 29 C.F.R. §§ 778.208–778.214.

[22] Compl. [Doc. No. 1] ¶ 75.

[23] Compl. [Doc. No. 1] ¶ 11.

[24] Compl. [Doc. No. 1] ¶¶ 64–65.

[25] Def.'s Mem. Supp. Mot. to Dismiss [Doc. No. 12-1] at 5.

The FLSA regulations provide that an employer may rely on a "percentage-based" bonus that compensates employees for their overtime without requiring an increase in the overtime rate. The applicable regulation provides that:

> **§ 778.210 Percentage of total earnings as bonus.**
> In some instances the contract or plan for the payment of a bonus may also provide for the simultaneous payment of overtime compensation due on the bonus. For example, a contract made prior to the performance of services may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings. In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the [FLSA] and no recomputation will be required. This is not true, however, where this form of payment is used as a device to evade the overtime requirements of the Act rather than to provide actual overtime compensation, as described in §§ 778.502 and 778.503.[26]

Put simply, a year-end non-discretionary bonus paid as a "percentage of an employee's straight time and overtime compensation increases the straight-time earnings and overtime earnings by the same percentage, and thereby includes proper overtime-premium compensation without need for additional computation."[27] The United States Department of Labor has repeatedly determined that bonuses paid using the "percentage of total earnings" method fully satisfy the FLSA's overtime provisions.[28]

---

[26] 29 C.F.R. § 778.210. Section 778.502 concerns "[a]rtificially labeling part of the regular wages a 'bonus'" and § 778.503 concerns "[p]seudo 'percentage bonuses.'"

[27] DOL Opinion Letter, FLSA 2018–9 at 2 (Jan. 5, 2018).

[28] *See* DOL Opinion Letter, FLSA2018–9 (Jan. 5, 2018); *see also* DOL Opinion Letter, FLSA2019-7 (July 1, 2019) (an employer "is not required to retrospectively recalculate the regular rate if the employer pays a fixed percentage bonus that simultaneously pays overtime compensation due on the bonus. For example, a bonus that is 10 percent of straight-time wages . . . and 10 percent of overtime wages . . . does not require recalculation of the regular rate because the bonus includes overtime compensation due on the bonus as an arithmetic fact, fully satisfying the FLSA's overtime requirements."); DOL Opinion Letter, FLSA2006-4NA (Feb. 17, 2006) ("[T]he bonus payment under the Plan satisfies the conditions set forth in 29 C.F.R. § 778.210 because the same predetermined percentage is applied to the employee's straight time and overtime earnings. Bonus payments under the Plan automatically include the overtime pay due under the FLSA, and therefore no additional computation or payment of overtime is required."); DOL Opinion Letter, FLSA2005-22 (Aug. 26, 2005) (an incentive bonus calculated as a percentage of

Plaintiff contends that Covanta does not include the Plan bonuses in its determination of its employees' hourly rates for purposes of calculating overtime pay, and as a result, does not pay overtime wages on the Plan bonus portion of its employee's earnings.[29] However, Plaintiff's Complaint fails to plausibly plead facts to support a determination that Covanta did not comply with the accepted "percentage of total earnings" methodology set forth in 20 C.F.R. § 778.210. Plaintiff concedes—and the Plan itself states—that the "target bonus is expressed as a percentage of [each employee's] eligible earnings/annual base salary," which includes "premium pay wages."[30] As explained by the United States Department of Labor, this type of "percentage of total earnings" methodology is well-recognized and complies with the applicable statutory overtime provisions. Because the Incentive Bonus was calculated as a percentage of Plaintiff's straight-time and overtime earnings, it complies with the FLSA as a matter of "arithmetic fact."[31]

Plaintiff contends that the Plan is "confusing and vague" as it does not set forth any calculations related to "overtime" specifically and that discovery is therefore needed. However, the Plan refers to "premium pay wages" and Plaintiff does not allege any facts to support a finding that this does not encompass overtime pay. The Plan also sets forth calculations based on

---

each employee's straight time and overtime wages earned during the previous calendar year met the requirements of 29 C.F.R. § 778.210 and therefore complied with FLSA's overtime provisions).

[29] Compl. [Doc. No. 1] ¶¶ 26-27.

[30] Compl. [Doc. No. 1] ¶¶ 11; 21; Ex. B to Compl. [Doc. No. 1-2] at 3.

[31] DOL Opinion Letter, FLSA 2018-9 (Jan. 5, 2018) (citing 29 C.F.R. § 778.210); *see also* DOL Opinion Letter, FLSA 2019-7 (July 1, 2019) ("An employer . . . is not required to retrospectively recalculate the regular rate if the employer pays a fixed percentage bonus that simultaneously pays overtime compensation due on the bonus [. . .] For example, a bonus that is 10 percent of straight-time wages (the contractual hourly rate x straight-time hours worked up to 40) and 10 percent of overtime wages (1.5 x the contractual hourly rate x straight-time hours worked over 40) does not require recalculation of the regular rate because the bonus includes the overtime compensation due on the bonus as an arithmetic fact, fully satisfying the FLSA's overtime requirements [. . . ] Similarly, a bonus that is 10 percent of total compensation–including hourly wages, overtime, bonuses, commissions, etc. –does not require recalculation.") (internal citations omitted).

all eligible earnings. Plaintiff does not allege how the Plan's "percentage of total earnings" method fails to satisfy the FLSA's overtime requirements. Plaintiff argues that the regulations "stop short of condoning" the use of the "percentage of earnings" model where it is used to evade the overtime requirements of the Act.[32] Although this is correct, Plaintiff does not explain how the Plan tries to evade overtime requirements other than speculating that it does.[33] Plainly read, the Plan includes overtime premiums as part of the Incentive Bonus, using the accepted percentage method. Plaintiff must allege more than a "sheer possibility" that the Plan might not "calculate[] the proper payment of overtime."[34] Thus, Plaintiff's Complaint fails to plausibly plead (1) facts sufficient to show that Covanta did not pay overtime premiums on the bonus; and (2) that the percentage method for calculating overtime premiums violated the FLSA.

### B. The Complaint Fails to State a Claim Under Pennsylvania Law

Plaintiff alleges that the Plan failed to comply with the PMWA and the WPCL and also amounted to unjust enrichment. Specifically, the Complaint alleges that the "bonuses in Covanta's Plan are non-discretionary and should be included in Plaintiff's and Pennsylvania Class Members' regular rate for purposes of overtime."[35] Covanta argues that the claims are

---

[32] Pl.'s Mem. in Opp'n to Mot. to Dismiss [Doc. No. 15] at 7 (citing 29 C.F.R. § 778.210).

[33] As previously noted, *see supra* note 25, the regulations define an attempt to evade overtime requirements as artificially labeling part of the regular wages a bonus or pseudo percentage bonuses. Plaintiff has not explained how either applies here.

[34] Pl.'s Mem. in Opp'n to Mot. to Dismiss [Doc. No. 15] at 9; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[35] Compl. [Doc. No. 1] ¶ 75.

"state law analogs of Plaintiff's federal FLSA claim," and should be dismissed for the same reasons.[36]

Because of "the similarities between the PMWA and the FLSA, Pennsylvania courts analyze overtime and minimum wage violations of the PMWA and the FLSA under the same framework."[37] Courts have recognized that, in the context of overtime compensation, "the PMWA 'substantially parallels' the FLSA,"[38] although the two acts have been distinguished in certain respects.[39] Similarly, the FLSA and the WPCL are viewed as parallel federal and state laws.[40] Plaintiff cites no legal authority to support either the proposition that the "percentage of total earnings" method of calculating overtime premiums due on a bonus violates state law or the proposition that the state law claims should be analyzed differently than the FLSA claim in this respect.[41]

### III. CONCLUSION

Covanta's bonus payment methodology, as set forth in the Plan attached to Plaintiff's Complaint, is expressly permitted under the relevant Department of Labor regulations. Plaintiff's

---

[36] Def.'s Mem. Supp. Mot. to Dismiss [Doc. No. 12-1] at 9.

[37] *Bansept v. G & M Automotive*, 434 F. Supp. 3d 253, 258 (E.D. Pa. 2020); *see also Bedolla v. Brandolini*, No. 18-146, 2018 WL 2291117, at *4 (E.D. Pa. May 18, 2018) (analyzing claims of minimum wage and overtime violations of the FLSA and the PMWA under the same standard on a motion to dismiss).

[38] *Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101, 105 (3d Cir. 2016) (quoting *Com. Dep't of Labor & Indus., Bureau of Labor Law Compliance v. Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), *aff'd* 859 A.2d 1253 (Pa. 2004)).

[39] *See, e.g.*, *In re Amazon.com, Inc.*, 255 A.3d 191 (Pa. 2021) (broadening what should be considered "compensable hours" under the PMWA for minimum wage and overtime pay, in contravention of "compensable hours worked" under the FLSA); *see also Chevalier v. Gen. Nutrition Centers, Inc.*, 220 A.3d 1038, 1050 (Pa. 2019) (noting several variations between the FLSA and the PMWA).

[40] *De Asencio*, 342 F.3d at 308.

[41] The federal regulations are consistent with the policies underlying the Pennsylvania Supreme Court's decision in *Amazon.com*; Plaintiff has been paid for all hours worked, and the calculation of the Incentive Bonus is based on all those hours.

Complaint merely speculates that Covanta's method *might* not be compliant, and fails to articulate facts sufficient to support a plausible federal or state law overtime violation. Accordingly, as a matter of both federal and state law, the motion to dismiss will be granted. An order will be entered.